UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

VS     CRIMINAL ACTION NO. 3:09 CR-118-H

ADAM SAEED-WATARA – 01
IRENE DUNUH – 02     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Co-defendants, Adam Saeed-Watara, ("Saeed-Watara"), and Irene Dunuh, ("Dunuh"), are charged with conspiring to possess, with the intent to distribute, more than one kilogram of heroin. Trial is set for December 14, 2009. The matter is now before the Court on Defendants' separate Motions to Dismiss for alleged violations of the Speedy Trial Act and their Sixth Amendment right to a fair trial. For the reasons stated below, the Court will deny both motions.

I.

The Speedy Trial Act requires that a defendant be brought to trial within seventy days of the filing of the indictment or the defendant's first appearance before a judge, whichever occurs last. 18 U.S.C. § 3161(c)(1). The statute excludes certain periods of time for the purposes of computing the seventy-day period. 18 U.S.C. § 3161(h). The first issue in this case is whether the seventy-days-to-trial time frame has expired under the Act, which would necessitate dismissing the case, or whether certain periods of time were properly excluded to extend the time for trial.

A.

Defendants Saeed-Watara and Irene Dunuh were arrested on July 9, 2009[1] and first appeared in court the next day. On August 4,[2] both defendants were indicted; they have remained in federal custody ever since. Because the filing of the indictment was the latter of the two events that can begin the running of the seventy-day period, the Speedy Trial period began on August 4. If uninterrupted, Defendants' trial was due to begin on or before October 13. However, two events potentially tolled the running of the seventy-day period: 1) Defendant Dunuh's Motion to Continue and 2) this Court's October 5 Order granting that motion. Only the Order would exclude enough time to allow Defendants to be tried at the currently scheduled December 14 trial.

Defendant Dunuh filed her Motion to Continue Trial on September 11, about a month before the original trial date of October 7. Under 18 U.S.C. § 3161(h)(1)(D), such a motion stops the Speedy Trial clock for the time period during which the motion is considered.[3] Moreover, the time stops for both defendants, even if the motion is filed by only one defendant. *United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991); *United States v. Keefer*, 799 F.2d 1115, 1122 (6th Cir. 1986). Dunuh's motion requested a continuance for four reasons: 1) Dunuh's counsel had another, previously scheduled, trial slated to start October 8, or one day after the October 7 start date of the trial; 2) discovery was ongoing and had not been made

---

[1] All dates referenced in this Opinion occurred in 2009.

[2] The Defendants were actually indicted on August 3, but it is the filing of the indictment that is the relevant date under the Speedy Trial Act. 18 U.S.C. § 3161(c)(1).

[3] 18 U.S.C. § 3161(h)(1)(D) states that "[t]he following periods of delay shall be excluded in computing the time ... within which the trial of any such offense must commence: (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to – (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

available to the Assistant U.S. Attorney, Larry Fentress, ("Fentress") or counsel for either Defendant; 3) Dunuh's counsel had talked with the Fentress about settlement possibilities and expected to continue those discussions; and 4) Dunuh's counsel believed that if a settlement was not possible, he may have to file several defensive motions. Fentress, the U.S. Attorney, did not oppose Defendant Dunuh's motion, but Defendant Saeed-Watara did. On October 1, Saeed-Watara filed his opposition to the Motion to Continue along with a Motion to Dismiss on the grounds that a continuance would violate his Sixth Amendment right to a Speedy Trial.

Four days later, this Court held a telephonic conference with the parties.[4] Among other things, the parties discussed the problem of discovery. Apparently, the DEA lab, to which the heroin had been sent for analysis, had not completed its examination or report. Fentress, the Assistant U.S. Attorney, asserted that although he had made several calls to the lab and every effort had been made to obtain the discovery, the results still were not expected until the week of trial. None of the parties asserted, during that conference, that the delay was the result of lack of due diligence or bad faith on the part of the government. Thus, at the conclusion of the October 5 telephonic conference, the Court advised the parties that it would grant a continuance for the reasons presented in Dunuh's motion, and specifically to allow the parties time to obtain discovery and effectively prepare their cases. That same day, the Court issued its Order denying Defendant Saeed-Watara's Motion to Dismiss and granting Defendant Dunuh's Motion to Continue Trial.[5] It stated: "the Court finds the ends of justice served by the granting of a

---

[4] In an unusual and unfortunate coincidence, the conference was held in chambers without a court reporter.

[5] Dunuh's motion to continue delayed the date of the trial by about twenty-four days, or until Nov. 6. However, that extension did not toll the Speedy Trial date for long enough to get to the currently scheduled December 14, 2009 trial. Thus, it is the Court's subsequent opinion that ultimately determines whether a December trial is within the Speedy Trial time frame.

continuance outweigh the best interests of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(8)(A).[6]  Time is excluded from **October 5, 2009 to December 14, 2009.**"

B.

Any period of delay based on a judge's continuance is excluded from the Speedy Trial time, "if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  The Act goes on to say:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection *unless the court sets forth, in the record of the case, either orally or in writing, its reasons* for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.* (emphasis added).

Defendants assert that the Court's Order is insufficient to toll the Speedy Trial period., because the Court did not set forth the reasons for finding that the "ends of justice" are served by a continuance.  While it is true that the Order did not state the specific reasoning for an "ends of justice continuance" the Court believes its oral explanation during the October 5 hearing was sufficient to toll the Speedy Trial period.  Nonetheless, considering no transcript of the telephonic conference exists, the Court will restate, for the record, its reasoning for granting the ends of justice continuance.[7]

---

[6] The sections of the Speedy Trial Act have been renumbered and the portion of the Act at issue is now 18 U.S.C. § 3161(h)(*7*)(A).

[7] The Sixth Circuit has indicated it is permissible for a Court to later state its "ends of justice" reasoning on the record, as long as the continuance was not converted retroactively into an ends of justice continuance. *United States v. Cianciola*, 920 F.2d 1295, 1299-3000 (6th Cir. 1990); *United States v. Richmond*, 735 F.2d 208, 215 (6th Cir. 1984); *United States v. Crane*, 776 F.2d 500, 605 (6th Cir. 1985)(the later stated reasons "must actually have been the factors motivating his decision to grant the continuance.").

To the best of this Court's recollection, the "ends of justice" continuance under 18 U.S.C. § 3161(h)(7)(B)(iv), was granted because the failure to do so would deny counsel for both sides the reasonable time necessary for effective preparation. *Id.* Furthermore, at the time the Court decided the motion, there was no evidence of lack of due diligence on the part of the Assistant U.S. Attorney.[8] *Id.* Defendant asserted none and Fentress stated that he had made calls and attempted to obtain the DEA lab reports, but that the reports were delayed nonetheless. Because it was obviously unproductive to force the parties to go to trial when the necessary information had not been discovered, this Court saw fit to allow a ten-week continuance.

Though Defendants now assert that the case should be dismissed because the DEA lab reports were *still* not produced by mid-November[9] – long after the promised early-October date – those new facts do not retroactively invalidate the Court's October 5 Order. As it stands today, the Speedy Trial Act excludes all time since Defendant Dunuh's Motion for Continuance on September 11. Thus, only about thirty-eight days in the Speedy Trial period have elapsed. As such, the Court will deny Defendants' Motions to Dismiss.

---

[8] The Court does not assert that there is now evidence of lack of due diligence, but the Defendants do make that allegation in their Motions to Dismiss. It is worth noting that the Sixth Circuit, in *Cianciola,* addressed an issue similar to the one Defendants now assert – that alleged discovery violations by the prosecution which force the defense to file a continuance can result in non-excludable time under the Speedy Trial Act. 920 F.2d at 1300. Though this is a fact specific analysis, the Sixth Circuit in *Ciancola* rejected the defendant's argument and found that the time was excludable, when the government's failure "had not been 'chronic' or in bad faith." *Id.* (citing *United States v. Anderson,* 902 F.2d 1105, 1109 (2d Cir. 1990).

[9] According to the government, the relevant discovery has now been provided to the Defendants. Though the Court will not dismiss the case based on the Speedy Trial violations they allege, Defendants may request other relief they deem appropriate based on the discovery delays.

II.

The next issue is whether the government has violated Defendants' right to a speedy trial as guaranteed by the Sixth Amendment. In *Barker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme Court set forth four factors to consider when determining whether a defendant's Sixth Amendment right to a speedy trial has been violated. The factors are: (1) length of delay, (2) reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant.[10] *Id.* at 530.

The Court later noted that to constitute a speedy trial violation, the accused must show, as a threshold issue, that the delay is not ordinary, but is "presumptively prejudicial." *Doggett v. United States,* 505 U.S. 647, 651-52 (1992). The Court said:

> [T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness.

*Id.*

The Court went on to say that lower courts generally find post-accusation delay to be 'presumptively prejudicial'" when it approaches one year. *Id.* at 652 n. 1 (citations omitted). The Sixth Circuit follows the one-year rule. *United States v. Watford*, 468 F.3d 891, 901 (6th Cir. 2006)*; Wilson v. Mitchell*, 250 F.3d 388, 394 (6th Cir. 2001); *United States v. Mundt*, 29 F.3d 233, 235 (6th Cir. 1994). Defendants have not pointed the Court to, nor has the Court

---

[10] The Supreme Court indicated that the preferred approach "is a balancing test, in which the conduct of both the prosecution and defendant are weighed." *Barker*, 407 U.S. at 530. The four factors are merely some of the factors which courts should assess.

6

found, any instance where a sixty-seven day delay was held to be presumptively prejudicial.[11] Nonetheless, Defendants assert that such a delay is unacceptable, in part because they are in custody. They also assert that the government's failure to produce timely discovery has prejudiced them. The Court is not persuaded that these allegations amount to a constitutional violation. Notably, the continuance here was granted at the request of one of the Defendants, and even though Saeed-Watara contested that motion, a single, sixty-seven day delay is neither unusual, nor unfair under the circumstances.

For these reasons, and the reasons stated in the Court's Speedy Trial Act analysis above, Defendants' Motion to Dismiss is denied.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED.

This is NOT a final order.

cc:     Counsel of Record

---

[11] Defendants have not cited the Court to *any* authority that would suggest the circumstances here could constitute a Sixth Amendment violation.